**SIGNED THIS: November 25, 2026**

**Mary P. Gorman**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 26-70450 |
| ELIZABETH MARIE WRIGHT, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ROBERT J. PLUMMER and PATRICIA PLUMMER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. No. 26-07014 |
| | ) | |
| ELIZABETH MARIE WRIGHT and KIMBERLY SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

# O P I N I O N

Before the Court is the question of whether this adversary proceeding should be dismissed for failure to effectuate proper service of summons within 90 days of filing the complaint per Federal Rule of Civil Procedure 4(m), made

applicable here through Federal Rule of Bankruptcy Procedure 7004(a). Because the Court finds an absence of "good cause" shown, the adversary proceeding will be dismissed without prejudice.

## I. Factual and Procedural Background

Elizabeth Marie Wright ("Debtor"), acting through counsel, filed a voluntary Chapter 7 petition on April 30, 2026. On her Statement of Financial Affairs filed with the petition, the Debtor disclosed two pending state court actions to which she was a party: a marital dissolution proceeding filed in Macoupin County, Illinois, in 2026, and a lawsuit brought by Robert and Patricia Plummer against herself and her husband that had been pending in Macoupin County since 2023. The Debtor listed the Plummers as creditors holding an unsecured debt in the amount of $48,358.20 based on a judgment entered in the Macoupin County lawsuit. Among the documents filed with the Debtor's petition was her attorney's disclosure of compensation, which stated the amount paid for representation in the bankruptcy case and outlined the scope of services covered by the agreed compensation. Representation of the Debtor in any adversary proceedings was expressly excluded from the services covered by the fee agreement.

On July 1, 2026, Attorney Rick Verticchio commenced an adversary proceeding by filing a three-count complaint against the Debtor seeking denial of her discharge and other relief. After some initial stumbles related to proper captioning of the complaint and identification of the parties, the case was

seemingly ready to proceed on an amended complaint with Robert and Patricia Plummer as Plaintiffs and the Debtor and Kimberly Smith as Defendants. The first amended complaint was comprised of three counts—two counts objecting to the Debtor's discharge under §727(a)(2) and (a)(4) and one count against Kimberly Smith, the Debtor's daughter, seeking turnover of property allegedly transferred by the Debtor to her prepetition.

On July 15, 2026, the Clerk issued summons for service on the Debtor and Kimberly Smith. In connection with the issuance of summons, a docket-text notice was entered advising that the Plaintiffs were required to serve the summons and complaint on the Defendants within 7 days of issuance of the summons and that failure to effectuate proper service within 90 days of filing the complaint could result in dismissal. The notice also provided instructions for requesting an alias summons in the event the summons was not served within 7 days as required.

On July 16, 2026, Attorney Verticchio docketed an executed summons for each Defendant. The executed summons for Kimberly Smith stated that she was served by mail at an address in Bunker Hill, Illinois. The executed summons for the Debtor, however, stated that service was made on her attorney in the bankruptcy case—not on the Debtor herself. After 60 days without any activity reflected on the docket, a status hearing was set for September 29, 2026. The hearing notice included boilerplate language regarding the lack of activity and encouraged the Plaintiffs to review Bankruptcy Rules 7004 and 7005, the

Servicemembers Civil Relief Act of 2003, and the Court's procedures for service of summons and adversary complaints and motions for default judgment.

Prior to the scheduled status hearing, Attorney Verticchio filed a motion for default and default judgment against the Debtor. The motion asserted that the Debtor had been properly served in accordance with Bankruptcy Rule 7004 and that her bankruptcy attorney was also served per Bankruptcy Rule 7004(g), proof of which was supposedly evidenced by the executed summons docketed on July 16.

The September 29 status hearing was held as scheduled. Robert Plummer and the Debtor both appeared; no other parties were in attendance. Attorney Verticchio also did not appear.[1] The Court outlined the problems with the first amended complaint, namely that the relief against Kimberly Smith was improperly sought and that the complaint was not properly served on the Debtor and an alias summons needed to be requested to effectuate service. The Court explained that, while the Debtor was represented by an attorney in her bankruptcy and that the rules required service on the attorney, such required service is in addition to the requirement to serve the Debtor-Defendant. Because the Debtor had not herself been served, the Court said the proceeding could not go forward against the Debtor; an alias summons was required and needed to be requested by the Plaintiffs' attorney. As for the relief sought against Kimberly

---

[1] During the hearing, which was held via Zoom for Government, Mr. Plummer informed the Court that Attorney Verticchio was trying to join the Zoom conference but was unable to connect. The Court noted the presence of would-be participants in the Zoom conference waiting room who had not properly identified themselves in accordance with the Court's posted and widely disseminated procedures despite several attempts by Court staff to communicate through Zoom's chat feature. Because Court staff were unable to confirm the identity of those in the waiting room, they were not admitted into the hearing conference.

Smith, the Court explained that the Plaintiffs did not have standing to seek turnover of property to the estate; such causes of action belong to the bankruptcy estate and are prosecuted by the Chapter 7 trustee. The Court also went so far as to opine that, in seeking turnover, the Plaintiffs could be in violation of the automatic stay. The Court admonished Mr. Plummer that his attorney should listen to the Court's comments and get the issues cleaned up without delay or the proceeding might be dismissed for failure to effectuate timely service of summons. A continued hearing was set for November 3, 2026. An audio recording of the hearing was docketed and available to be reviewed by Attorney Verticchio.

After nearly a month without any other activity in the case, on October 27, 2026, Attorney Verticchio filed a motion for leave to file a second amended complaint with the proposed amended complaint attached to the filing. Through the second amended complaint, the Plaintiffs sought to drop the cause of action asserted against Kimberly Smith and pursue only their claims objecting to the Debtor's discharge.

The next day, the Court entered an order for Attorney Verticchio to appear and show cause why this adversary proceeding should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effectuate proper service within 90 days after the original complaint was filed. The Court noted in the order that the 90-day deadline for service under Rule 4(m) had expired September 29, 2026, and that nothing had been done to obtain proper service after the Court outlined the issues on the record at the status hearing held that

same day. The order to show cause was set with the continued status hearing already scheduled for November 3, 2026.

Prior to the hearing, Attorney Verticchio filed a response to the order to show cause, acknowledging his absence from the September 29 status hearing and admitting that he had chosen not to listen to the audio recording from the hearing despite being aware that the recording was available. Instead, he relied exclusively on discussions with his client—who is not an attorney—and the Chapter 7 case trustee—who is not a party to this proceeding—to learn what had occurred at the hearing and what actions he needed to take. According to Attorney Verticchio, those discussions prompted him to seek leave to file an amended complaint and drop the claim against Kimberly Smith, but he had no knowledge of the issues related to service of summons on the Debtor. Although he said he was aware of the service requirements of Federal Rule 4(m), he claimed he was unfamiliar with Bankruptcy Rule 7004 insofar as the requirement to serve the Debtor-Defendant in addition to her bankruptcy attorney. He further asserted that his professional practice is focused primarily on state court matters in which he claimed that service of summons on a party who has an attorney would be prohibited. As far as showing “good cause” to avoid dismissal, Attorney Verticchio’s response offered very little other than suggesting that case law permits a court to extend the 90-day deadline for service even without a finding of good cause.

The November 3 hearing was held as scheduled. Attorney Verticchio appeared in person. One of his clients appeared by Zoom, as did the Debtor. The

Court noted it had reviewed the written response filed and asked Attorney Verticchio several questions to better understand his positions stated therein. When pressed about his assertions in his written response, Attorney Verticchio seemed to walk back his statements about state law prohibiting service on a represented person. He acknowledged that the Debtor having counsel in her bankruptcy did not mean she was or would be also represented by that attorney in the adversary proceeding. When confronted about how a transfer of property almost three years before the bankruptcy case would fall within the "statutory period" for denial of discharge under §727(a)(2)—which the Court explained is one year preceding bankruptcy—Attorney Verticchio conveyed his belief that he could apply the four-year statutory period in the Illinois Fraudulent Conveyance Act. At the conclusion of the November 3 hearing, the Court stated it would take the matter under advisement.

The Court now having considered Attorney Verticchio's written response and his statements at the hearing, the matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL Civil LR 40.2(A); *see* 28 U.S.C. §157(a). Objections to a debtor's discharge are core proceedings. 28 U.S.C. §157(b)(2)(I). This matter arises from the Debtor's bankruptcy itself and from the provisions of the Bankruptcy Code and may therefore be

constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

**III. Legal Analysis**

Federal Rule of Bankruptcy Procedure 7004 governs the issuance and service of summons and complaints in adversary proceedings. Relevant here, the rule allows for service by mail as an alternative to personal service and for an individual debtor-defendant to be served by mailing—first-class, postage prepaid—a copy of the summons and complaint "to the address shown on the debtor's petition or the address the debtor specifies in a filed writing[.]" Fed. R. Bankr. P. 7004(b)(1), (9). In addition, Bankruptcy Rule 7004(g) provides: "If, when served, a debtor is represented by an attorney, the attorney must also be served by any means authorized by Fed. R. Civ. P. 5(b)." Fed. R. Bankr. P. 7004(g).

The time for serving summons and the complaint is 7 days from the date summons is issued; if serving by mail, the summons and complaint must by deposited in the mail within 7 days of issuance of summons. Fed. R. Bankr. P. 7004(e)(1). "If a summons is not timely delivered or mailed, a new summons must be issued." *Id.* Bankruptcy Rule 7004 further provides that Federal Rule of Civil Procedure 4(m) applies in adversary proceedings. Fed. R. Bankr. P. 7004(a)(1). Rule 4(m), in turn, provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or

order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* In every adversary proceeding originating before this Court, the Clerk dockets a notice in connection with the issuance of summons which highlights the requirement for service of summons within 7 days of issuance, the need for the plaintiff to affirmatively request an alias summons after 7 days, and the requirement that proper service must be accomplished no later than 90 days after filing the complaint to avoid dismissal. The notice references and encourages parties to review the Court's procedures available on the Court website.[2]

The complaint commencing the adversary proceeding here was filed July 1, 2026. Because the Plaintiffs only served the Debtor's bankruptcy attorney and not the Debtor herself, they failed to effectuate proper service on the Debtor. The last day for effectuating proper service of the summons and complaint under Rule 4(m) was September 29, 2026. Of course, the problem was first raised by the Court at the status hearing held on that date. The Court gave clear direction for Attorney Verticchio to clean up the issues with the complaint and request and serve an alias summons on the Debtor right away. Nevertheless, Attorney Verticchio failed to request an alias summons and effectuate proper service on

[2] Since 2024, this Court's procedures have largely been incorporated into Local Rules adopted by the bankruptcy judges for the Central District of Illinois, as well as a Guide to Practice & Procedures, both of which are posted on the Court website. Among them, Local Rule 7004-1 gives clear instructions for obtaining an alias summons when necessary. In the Guide is information regarding proper service of summons in adversary proceedings with reference to Bankruptcy Rule 7004, Local Rule 7004-1, and Federal Rule of Civil Procedure 4, including subsection (m).

the Debtor. Dismissal is therefore proper absent a showing of good cause for extending the time for service.

In his response to the order to show cause, Attorney Verticchio denied being aware of the Court's comments regarding the problems with service of summons on the Debtor. But had he attended the September 29 hearing, or if he had listened to the audio recording of the hearing he knew he missed, he would have learned of the problems which could have then been quickly and easily resolved. To the extent Attorney Verticchio was not aware of the service issues before the Court entered its order to show cause, he only has himself to blame. Any suggestion that more should have been done to bring the issues to Attorney Verticchio's attention is a nonstarter.

Despite not listening to the Court's comments from the September 29 hearing, even a perfunctory review of Bankruptcy Rule 7004 should have alerted Attorney Verticchio to the requirements for proper service. He claimed to have some familiarity with the federal rules but said he was not familiar with the particular requirement in Bankruptcy Rule 7004 regarding service directly on a debtor. Yet, in the motion for default judgment against the Debtor he filed before the September 29 hearing, Attorney Verticchio asserted that the Debtor "was properly served . . . in accordance with the federal rules of bankruptcy procedure 7004" and that her bankruptcy counsel "was also served as required by Federal Rules of Bankruptcy Procedure 7004(g)." Although the assertion was clearly not accurate, it shows that Attorney Verticchio at least knew where to find the applicable procedural rules and that, at minimum, he had reviewed subsection

(g) specifically. But even reading subsection (g) by itself should have alerted Attorney Verticchio to the fact that service on the Debtor's bankruptcy attorney alone was insufficient. Bankruptcy Rule 7004(g) plainly states the requirements of service on bankruptcy counsel as an additional rather than substitute form of service. Fed. R. Bankr. P. 7004(g) ("If, when served, a debtor is represented by an attorney, the attorney must also be served[.]").

Attorney Verticchio tried to explain his failings here based on his professional practice involving mostly state court matters and his experience in federal court therefore being limited. But, given Attorney Verticchio's limited experience in federal court, it is concerning that he declined to give meaningful attention to the federal procedural rules governing service and then, after missing the first hearing in an unfamiliar venue, simply ignored the opportunity to listen to the Court's comments from the hearing which were recorded and posted on the case docket. Further, even after talking with his client and the bankruptcy trustee and learning that there were issues he needed to address, Attorney Verticchio still did not listen to the posted hearing recording for clarification about what needed to be fixed.

Equally troubling is Attorney Verticchio's initial suggestion that he consciously served the Debtor's bankruptcy attorney and not the Debtor herself because, in a state court proceeding, serving a defendant would be prohibited if they are represented by an attorney. Illinois Supreme Court Rule 11 provides that "[i]f a party is represented by an attorney of record, service shall be made upon the attorney . . . . Otherwise service shall be made upon the party." Ill. S.

Ct. Rule 11 (eff. Oct. 1, 2024). But the operative phrase in the rule for present purposes is that the attorney be "of record." Attorney Verticchio's response also references a broad prohibition against attorneys having any contact with an opposing party represented by counsel; the Illinois Rules of Professional Conduct provide that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer . . . is authorized to do so by law or a court order." Ill. R. Prof. Conduct 4.2 (eff. July 1, 2013). But, similar to Illinois Supreme Court Rule 11, Illinois Rule of Professional Conduct 4.2 turns on the connection between the subject of communication and scope of representation of the opposing party. Attorney Verticchio's characterization about prohibited contact with represented persons omits key limitations to the scope of prohibited conduct set forth in those rules.

Here, the Debtor is represented by counsel in her bankruptcy case. But an adversary proceeding, though related to an underlying bankruptcy, is a separate and distinct proceeding. The Debtor's bankruptcy counsel has not entered an appearance and is not of record in this adversary proceeding, and Attorney Verticchio made no assertion that he had contacted the Debtor's attorney to determine whether he would be appearing here or whether the Debtor had delegated authority for her bankruptcy attorney to accept service on her behalf. *Doe v. Logan,* 2021 IL App (1st) 191447-U, ¶26, 2021 WL 1088121, at *4 (Ill. App. Ct. Mar. 22, 2021) ("mere existence of an attorney-client relationship is not enough to establish that an attorney is authorized to accept service on behalf

of his client”). In any event, Bankruptcy Rule 7004 requires service on both the debtor and their bankruptcy attorney; “[i]f either is not served, then service is insufficient[.]” *In re Vincze,* 230 F.3d 297, 299 (7th Cir. 2000) (citations omitted). There is no way around the fact that service on the Debtor directly was required here.[3]

Attorney Verticchio acknowledges that his professed ignorance about the service issues here does not justify or excuse his failure to effectuate timely service. He also makes no contention that good cause exists for extending the time for service on the Debtor. Instead, he points to case law where courts have exercised discretion to extend the service deadline even in the absence of good cause shown. He asks this Court to exercise the same discretion.

Attorney Verticchio correctly cites *UWM Student Ass’n v. Lovell*, 888 F.3d 854, 858-59 (7th Cir. 2018), as recognizing courts having discretion to extend the deadline for service even absent good cause. There, however, the court affirmed the dismissal of defendants not timely served, concluding that the district court’s refusal to extend the deadline for service was not an abuse of discretion. *Id.* Attorney Verticchio relies on cases where courts have extended the time for service absent good cause citing *Lovell* for its comments about court discretion. *See Dawson v. County of McHenry*, 2025 WL 1068857, at *1 (N.D. Ill. Apr. 9, 2025); *Frase v. Ashland Chem. Co.*, 2022 WL 486270, at *1 (W.D. Wis. Fed. 17, 2022). In *Dawson*, the plaintiff was incarcerated and acting pro se; the

[3] Indeed, even the waiver of service provisions in Federal Rule of Civil Procedure 4 require that a request for an individual defendant to waive service be addressed to that defendant. Fed. R. Civ. P. 4(d)(1)(A)(i).

court recognized his efforts to effectuate service, the overlapping nature of served and unserved defendants, and that service was ultimately accomplished even though untimely. *Dawson,* 2025 WL 1068857, at *2. *Frase* involved an action that, like *Lovell*, was removed to federal court; certain defendants had sought dismissal for lack of service in state court, but the case was removed before the motion could be considered. *Frase*, 2022 WL 486270, at *1. In the removed action, the plaintiffs filed an amended complaint effectively dismissing unserved defendants from the action before any unresolved issues of proper service could be decided, only to later obtain permission to file a second amended complaint adding the defendants back in and ultimately serve them. *Id.* at *1-3. In both cases, the court implied that dismissal would be a waste of time and resources because the plaintiffs could simply file a new action for the same claims against the same defendants.

The situation here is simpler. The Plaintiffs are represented by counsel. There are no additional complexities involving removal, confusing background facts, or other unique circumstances. There are no concerns about dismissing some overlapping defendants to the same claim while proceeding against others, or the futility of dismissing an action that can simply be refiled. At issue here are two counts seeking a denial of the Debtor's discharge. The deadline for such actions expired July 15, 2026, which would effectively bar refiling the current action even though the dismissal is without prejudice. Further, notwithstanding Attorney Verticchio's assertion that his clients' claims have merit which should be considered, it is far from clear from the allegations of the original or proposed

amended complaints that the Plaintiffs have actionable claims.[4] Ultimately, however, whether a viable cause of action exists is not an inquiry this Court need undertake. It suffices to say that the Plaintiffs and their attorney failed to effectuate proper service on the Debtor within the 90-day statutory period despite being given general notice of the deadline when the complaint was filed and specific notice of the issue at the status hearing on September 29 when they still had time to take the necessary action to preserve their case. Attorney Verticchio made no serious effort to understand what needed to be done to effectuate service and has failed to show good cause for further extending the deadline for service. The adversary proceeding is therefore properly dismissed.

## IV. Conclusion

This proceeding was plagued with issues from the outset. It should have quickly become apparent to Attorney Verticchio that, especially given his limited practice in this jurisdiction, he needed to be attentive to applicable procedural rules. Missing the initial status hearing was certainly problematic, but, at that point, the service issue was not past fixing. Rather, it was Attorney Verticchio's decision not to listen to the docketed recording of the hearing after learning from

[4] Mr. Verticchio cites *Moore v. Walton*, 96 F.4th 616 (3d Cir. 2024), for a three-pronged test to be used when considering service issues of which one prong focuses on the merits of the underlying claims. But *Moore* is not binding on this Court and is inapposite to the matter before it. *Moore* involved the relation back of an amendment to correct the name of a party, a condition of which is timely service under Rule 4(m). *Id.* at 622-23. Here there was no confusion about naming the proper party or the relation back of amendments. And as much as Attorney Verticchio wants to focus on the merits of the case, the Court explained at the November 3 hearing that the Plaintiffs' claim under §727(a)(2) was based on transactions more than a year before the bankruptcy case was filed and therefore appeared to have no merit. Further, the Plaintiffs' claim under §727(a)(4), as pleaded, fails to allege whether and what false oath the Debtor made in connection with her case, instead alleging only that her sworn statements in the bankruptcy were "inconsistent" with her sworn statements in the state court litigation.

his client that there were problems in need of attention that set the case on a path toward dismissal. Extending the deadline here would make the provisions of Federal Rule 4(m) meaningless. If the facts here do not compel dismissal, it is hard to think of circumstances where a case would be dismissed for failure to effectuate service within 90 days of a case filing. This adversary proceeding will be dismissed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###